R. I. Barber Supply Co. vs. National Surety Co. } Eq. No. 10130.

### April 25, 1930.

BLODGETT, P. J. Heard upon motion for a preliminary injunction restraining respondent from cancelling a bond given to the United States for removal by complainant of denatured alcohol from denaturing plants or bonded warehouses.

Bond was issued October 22, 1929.

Notice was given by respondent to the Director of Prohibition dated Jan.

30, 1930, that it desired to be relieved from liability upon said bond 60 days subsequent to date of said notice. Feb. 5, 1930, the U. S. Treasury Department notified complainant that the surety company had filed in this office a sixty days' notice of its desire to be relieved from liability on said bond and that it would be necessary for complainant to furnish a superseding bond on or before April 1, 1930. April 1, 1930, the Treasury Department notified complainant that due to its failure to furnish the necessary bond called for, permit was cancelled. March 29, 1930, complainant filed his bill of complaint asking for relief by injunction until a hearing upon the merits.

In the bond the obligors covenant with the United States Government as follows:

"The obligors hereon, for themselves, their heirs, executors, administrators, successors, and assigns, do further covenant and agree with the United States as follows:

First. That the principal herein may at any time file a new bond with the Prohibition Administrator and upon approval of same this bond will thereupon be cancelled as to any act or acts subsequent to the effective date of such new bond.

Second. That any surety herein may at any time notify the principal and the Administrator that he desires, after a date named, which shall be at least sixty days after the time of notification, to be relieved of liability hereunder. If such notice is not thereafter in writing withdrawn, the rights of the principal under any permit or permits as supported by this bond shall be ipso facto suspended (unless supported by other bond or bonds) and the surety shall be relieved from all liability hereunder for any acts wholly subsequent to said date; except, however, that if the principal fails to support such permit or permits by other bond

or bonds, this bond shall remain effective until any specially denatured alcohol on hand at such date has been lawfully disposed of. This notice may not be given by an agent for the surety unless such agent shall accompany the notice with a duly executed power of attorney authorizing him to give such notice, or with a verified statement that same is on file with the Department."

No superseding bond was filed by complainant and no effort made by complainant to have its rights determined until the eve of the expiration of said notice.

Respondent claims under the above named conditions of the bond that a mandatory injunction should not be granted except for due cause shown by complainant.

*St. Michael's Church* vs. *Bohachewsky*, 48 R. I. 239.

Complainant contends that the conditions of the bond are simply regulatory of the rights as between complainant and the U. S. Government and have no reference to the existing rights of complainant and respondent.

The regulations of the Treasury Department are contained in "Regulations No. 3."

Article 122 of said Regulations provide for the cancellation of bonds by the surety.

The Court is of the opinion that the complainant was an obligor to the government under the terms of the bond and accepted the conditions thereof and is not entitled to a mandatory injunction for clear cause shown.

Complainant allowed some fifty days to elapse after receiving notice of the cancellation or intended cancellation without making any effort to prevent the same.

No clear cause is shown why such injunction as it asks should be issued.

Motion for preliminary injunction denied.

For complainant: Charles Z. Alexander.

For respondent: Edwards & Angell.